## MARY B. VAN CLEAF, APPELLANT, *v.* CATHARINE BURNS AND OTHERS, RESPONDENTS.

*Dower — when a wife, against whom a husband has obtained an absolute divorce in another State for desertion, cannot recover dower — 1 R. S., 741, sec. 8.*

Upon the trial of this action, brought by the plaintiff for the recovery of dower in lands in the city of Brooklyn, of which David Van Cleaf, her husband, died seized, it appeared that Van Cleaf had, in his lifetime, brought an action in the State of Illinois, in which State he was then domiciled, and obtained therein an absolute divorce from his wife for the cause and upon the ground of her willful desertion and absence from her husband for more than two years; that the plaintiff appeared in person and filed an answer in that action after notification of the commencement thereof by the service of a summons and complaint upon her in this State where she resided.

*Held*, that the "misconduct" of the wife, which was sufficient to justify the judgment of the Illinois court, was sufficient to bring her under the prohibition contained in section 8 of 1 Revised Statutes, 741, directing that "in case of divorce dissolving the marriage contract for the misconduct of the wife she shall not be endowed."

APPEAL from a judgment in favor of the defendant, entered in Kings county upon the trial of this action by the court without a jury.

*John H. Kemble,* for the appellant.

*Josiah T. Marran,* for the respondents.

DYKMAN, J.:

This is an action for the recovery of dower in lands in the city of Brooklyn of which David Van Cleaf, the husband of the plaintiff, died seized.

The cause was tried before a justice of this court without a jury who found and decided that David Van Cleaf, the husband of the plaintiff, brought an action against her in his lifetime in the Circuit Court of Cook county in the State of Illinois for a divorce and dissolution of the marriage between them for the cause and ground of the willful desertion and absence by the plaintiff from her husband, without reasonable cause, for more than two years before the commencement of that action, which was by the laws of the State of Illinois a ground for absolute divorce and a dissolution of the bond of marriage. That such proceedings were had in the action that on the 9th day of April, 1881, judgment was granted and perfected therein in favor of the husband against his wife, the plaintiff, dissolving the bond of marriage between them for the causes and grounds of willful desertion and absence, which was therein adjudged to exist. That the court pronouncing the judgment had jurisdiction of the parties and the subject-matter of the action. That the husband was at the time domiciled in Chicago, in the State of Illinois, and the plaintiff appeared in person in the action and filed an answer in writing to the complaint therein, after notification of the commencement thereof by the service of a summons and complaint upon her in this State, where she resided. These facts having been found the complaint was dismissed upon the merits and the plaintiff appealed from the judgment. There was a written stipulation that the facts found by the trial judge were all true and the appeal presents a question of law only.

It is to be remarked that the voluntary appearance of the plaintiff in the action commenced against her in the State of Illinois by her husband for the dissolution of their marital relations, clothed the court in which that action was pending with jurisdiction and power to dissolve the marriage contract between her and her husband. The judgment rendered by the court in that action, therefore, is

entitled to full faith and credit in all courts and places. Yet the misconduct of the plaintiff upon which the judgment against her was based in the Illinois court was not her adultery, which is the only misconduct for which an absolute divorce can be adjudged in the State of New York. It is, however, provided by our statute that in cases of divorce dissolving the marriage contract for the misconduct of the wife she shall not be endowed. Must the misconduct here intended be construed to include only that which entitles the husband to an absolute dissolution of the matrimonial relation in this State. The question is not free from embarrassment but we are inclined to hold that the misconduct of the wife, which was sufficient to justify the judgment of the Illinois court, was sufficient to bring her under the condemnation of our statute. The judgment of that court is conclusive in every form, and we think it will be in harmony with the fundamental principles of the law and the spirit of our statute to hold the judgment conclusive against the wife and refuse her a recovery in this action.

The judgment should be affirmed, with costs.

BARNARD, P. J. and PRATT, J., concurred.

Judgment affirmed with costs.